**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN REPORTING, INC.,<br><br>    Defendant. | Case No.: 1:23-cv-16553<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, FOR ENTRY OF A LIMITED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT** |

Plaintiff, Jane Doe, hereby moves the Court for leave to proceed in pseudonym or, in the alternative, for entry of a limited protective order pursuant to Fed. R. Civ. P. 26(c)(1). For the reasons articulated in the incorporated memorandum of law, the Plaintiff requests that the Court grant his motion.

## BACKGROUND

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Plaintiff's claims are brought under the Fair Credit Reporting Act 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), arising out of the sale of an inaccurate tenant screening report that Defendant Western Reporting, Inc. ("Western Reporting") published to Plaintiff's potential landlord, containing information pertaining to a prior civil record that had been **sealed**. After reviewing a consumer report from Western Reporting, Plaintiff's rental application was denied. [Dkt. No. 1, ¶ 5].

Western Reporting's report includes information concerning a civil that was sealed by the Cook County Court on October 5, 2023. [Dkt. No. 1, ¶ 42]. Consequently, Plaintiff's potential landlords should not have been able to view Plaintiff's civil record as it had been sealed.

1

## LEGAL ARGUMENT

### a. The Court Has Authority to Allow Plaintiff to Proceed Under Pseudonym.

This case is brought pursuant to the FCRA, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality and protecting consumers from the disclosure of private or inaccurate facts:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added).

The FCRA also provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages, punitive damages and attorneys' fees and costs.

Additionally, Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Specifically, Plaintiff's complaint arises out of a tenant screening report published by Western Reporting to Plaintiff's potential landlord, which included a civil record that was **sealed** pursuant to a court order and should not have been reported at all.

Federal courts in the Seventh Circuit have the authority to allow plaintiffs to proceed pseudonymously. *See e.g., Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686 at *7 (S.D. Ind. Feb. 27, 2012); *Doe v. Bd. of Trs. of Ind. Univ.*, No. 1:22-cv-00524-RLY-MG, 2022 U.S. Dist. LEXIS 77220, at *8 (S.D. Ind. Apr. 28, 2022). A party must demonstrate "whether [they have] a substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D. Ind. Feb. 27, 2012) (internal citations omitted). The factors considered by courts in the Seventh Circuit when weighing these interests include: "1) whether the plaintiff is challenging governmental activity or an individual's actions; 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; 3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; 4) whether identification would put the plaintiff at risk of suffering physical or mental injury; 5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and 6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Id*. at *3 (internal citations omitted).

### b. Plaintiff Has a Need to Preserve Privacy in a Matter of Highly Personal or Sensitive Nature that Would Render the Purpose of the Seal Futile.

Plaintiff's claims against Western Reporting arise out of a tenant screening report published by Western Reporting to Plaintiff's prospective landlord. The tenant screening report – a "consumer report" within the vernacular of the FCRA – inaccurately reported a civil record that was sealed in Cook County, Illinois. Pursuant to Illinois Code of Civil Procedure (735 ILCS 5/ 9-121), the court may order that a court file in an civil action be placed under seal if the court finds that placing that file under seal is "clearly in the interests of justice, and that those interests are not outweighed by the by the public's interest in knowing about the record." 735 ILCS 5/ 9-121. The

primary relief granted by 735 ILCS 5/ 9-121 is the privacy granted to Plaintiff. Because of the inaccuracies in the consumer report prepared by Western Reporting, Plaintiff's rental application was rejected. As a result, Plaintiff was unable to rent suitable housing for a period of time and has experienced substantial actual damages, including, without limitation, significant emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

Attaching Plaintiff's true name to this lawsuit, if it remains unsealed, would render the relief granted to Plaintiff by Illinois state law ineffective by creating a publicly available record containing specific references to the sealed civil record. The harm to Plaintiff in having her identity revealed is certain and severe. In order to litigate her claims against Western Reporting, the parties will necessarily have to present evidence as to Plaintiff's civil records. Without using a pseudonym, Plaintiff's name and her sealed civil record will become public, and she will be stripped of the protections which her sealed record and the FCRA afforded her. Simply put, Plaintiff would be creating a public record linking her to a civil record that should not exist – and in fact where no such record **does** exist – a fact which undergirds the entirety of this lawsuit. Creating a public record will have adverse impacts on Plaintiff, including negatively impacting Plaintiff's future housing opportunities, as it did in the circumstances which led to the claims at issue in this lawsuit.

### c. The Public Interest is Tempered by the Public's Conflicting Interest in Allowing Litigants to Vindicate Their Rights.

The public interest in knowing the identity of Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about Plaintiff's identity or status which elevates the public interest in this case. Without leave to proceed under a pseudonym, Plaintiff would be required "to disclose information of the utmost intimacy" by proceeding under her full name. *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D.

4

Ind. Feb. 27, 2012). This would cause further risk of suffering further mental injury. *Id.* Absent anonymity, in order to pursue her FCRA claim and be made whole thereunder, Plaintiff would be required to disclose her full name and the reveal the sealed civil record, creating a public record wherein uninterested parties would have access to a civil record that has been expunged and wiped from public consciousness. Without leave to proceed under pseudonym, Plaintiff will be forced to choose between maintaining the clear judicial record wherein no publicly available information links her to the civil record in question or prosecuting the statutory protections provided by the FCRA.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law – in this case, the FCRA – without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate her rights where criminal records are improperly reported. Furthermore, the public interest will continue to be served, even with the Plaintiff proceeding pseudonymously, as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. *Doe v. Purdue Univ.,* 321 F.R.D. 339, 343 (N.D. Ind. 2017).

### d. Western Reporting Will Not Be Prejudiced by Plaintiff Proceeding Pseudonymously.

Allowing Plaintiff to proceed under pseudonym would not prejudice Western Reporting, who will be able to fully and fairly litigate against Plaintiff without publicly revealing her identity. First, Plaintiff will provide Western Reporting with relevant information concerning Plaintiff's identity to allow Western Reporting to identify Plaintiff within its records. Second, to the extent that Plaintiff can limit damage to her reputation by not further identifying herself in connection

5

with Western Reporting's inaccurate consumer reporting, allowing Plaintiff to proceed pseudonymously is also in Western Reporting's interest as it ultimately will be liable for the reputational harm to Plaintiff caused by its wrongful conduct.

> e. **In the Alternative, Plaintiff Moves the Court for Entry of a Limited Protective Order.**

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting her privacy and confidentiality throughout the proceedings and to avoid public disclosure of the details alleged in her complaint so as to avoid making her statutorily sealed record public. Plaintiff incorporates all of the arguments set forth above in support of her motion to proceed pseudonymously herein as supportive of a finding of "good cause" for the entry of a protective order.

Thus, in the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests that the Court enter a limited protective order (the exact language of which can be threshed out with the input of all parties) which would require either (1) any reference to her true identity or identifying information, or (2) descriptions and references to the underlying facts of the case, inclusive of the sealed civil records, to be filed under seal. *See e.g. Doe v. Rentgrow, Inc.*, 2023 U.S. Dist. LEXIS 114786, *5 ("The plaintiff will not be allowed to proceed anonymously but, pursuant to a protective order, will be allowed to redact sensitive information in pleadings filed in open court.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff seeks an order protecting her privacy and confidentiality throughout the proceedings and to avoid disclosure of her identity so as to avoid

6

making her sealed record public. Specifically, Plaintiff asks this Court to permit her to proceed in this Court under pseudonym. In the alternative, and if Plaintiff's identity must be revealed in these proceedings, pursuant to Fed. R. Civ. P. 26(c), Plaintiff requests this Court enter a limited protective order which would require any reference to her true identity or identifying information to be filed under seal.

Respectfully submitted this 6th day of December 2023.

**CONSUMER ATTORNEYS**

By: /s/ Mehak Rizvi
Mehak Rizvi, Bar #6341462
CONSUMER ATTORNEYS
8245 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1519
F: (718) 715-1750
E: mrizvi@consumerattorneys.com

David A. Chami, 027585
CONSUMER ATTORNEYS
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

*Attorneys for Plaintiff*
*Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

*/s/Irina Iakovleva*
Irina Iakovleva